CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

APR 1 8 2008

JOHN F. CORCORAN, CLERK
BY: _____
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| ANNE S. OTEY, | ) | |
| | ) | Civil Action No. 7:06cv00671 |
| Plaintiff, | ) | |
| | ) | |
| | ) | **MEMORANDUM OPINION** |
| v. | ) | |
| | ) | |
| DICK'S SPORTING GOODS, INC., | ) | By: Hon. James C. Turk, |
| Defendant. | ) | Senior United States District Judge |

This personal injury action arises from an incident that occurred at Dick's Sporting Goods, Inc. ("Dick's"), located in Roanoke, Virginia. Plaintiff, Anne S. Otey ("Otey"), alleges that she sustained injuries when she tripped on an entrance mat on Dick's premises. Dick's argues that Otey cannot establish a prima facie case of negligence and accordingly, asks this court to grant summary judgment in its favor. For the reasons set forth below, Dick's Motion for Summary Judgment will be granted.

## I. Statement of the Case

On December 6, 2004, Otey went to Dick's with her husband to purchase Christmas presents. According to Otey, it was raining outside, but only enough "to be messy." Otey entered the store's first set of automatic doors and wiped her feet on the mat in the store's foyer. Neither she nor her husband, who was walking about three or four feet behind her, noticed anything abnormal about that particular mat. Otey then proceeded to go through the second set of automatic doors and tripped on the black mat leading into the actual store. Although the second mat looked fine before she entered the store and tripped, Otey contends that her "left foot went under the rug," causing her to stumble and sustain a broken foot and sprains in both ankles

and in her lower back. Otey could identify no reason why her foot would have gone under the rug. Looking at the mat after she tripped, Otey noticed that the part of the mat closest to the entrance of the store had rolled up. She acknowledged, however, that the fold in the mat might have come from her own foot.

In contrast to his wife's testimony, James E. Otey states that Plaintiff "stumbled" over two rugs in Dick's foyer area. Like Plaintiff, Mr. Otey did not see anything abnormal about the store's entrance mats prior to his wife's stumble. After Plaintiff tripped, however, Mr. Otey noticed that the corner edge of the mat she stumbled on had flipped over. He also noted that the mat, which was approximately a half-inch thick and made of black rubber, was stacked directly on top of another mat of the same dimensions. Mr. Otey straightened the top mat after his wife's fall by flipping the corner edge down with his foot.

After tripping over the entrance mat, Otey states that she remained in the store for approximately ten or fifteen minutes before going home. During this time, she purchased a pair of earmuffs and verified an accident report completed by Richard Keeley, a Dick's hard-goods manager.

Otey initially filed suit in the Circuit Court for the City of Roanoke. Dick's removed the action to this court on November 13, 2006. The Pretrial Order in this case required Otey to disclose her expert witnesses 105 days before trial. She has not disclosed any expert witnesses. Otey argues that Dick's negligently allowed its entrance mat to create a hazardous condition and failed to remove or warn Otey of the hazardous condition. In her complaint, Otey moved the court for judgment in the amount of $495,000.00. At an in-chambers hearing on Defendant's Motion for Summary Judgment, held on April 11, 2008, Otey's attorney informed the court that

2

Otey reduced her demand, for settlement purposes, to $15,000.00.

## II. Standard of Review

Summary Judgment is appropriate when no genuine issue exists as to any material fact
and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). A genuine
issue of material fact exists "if the evidence is such that a reasonable jury could return a verdict
for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). In
making this determination, "the court is required to view the facts and draw reasonable
inferences in a light most favorable to the nonmoving party." Shaw v. Stroud, 13 F.3d 791, 798
(4th Cir. 1994).

Where the record taken as a whole could not lead a rational trier of fact to find for the
non-moving party, no genuine issue of material fact exists for trial and the moving party is
entitled to summary judgment as a matter of law. Matsushita Elec. Indus. Co. v. Zenith Radio
Corp., 475 U.S. 574, 587 (1986). "The mere existence of a scintilla of evidence in support of the
plaintiff's position will be insufficient; there must be evidence on which the jury could
reasonably find for the plaintiff." Anderson, 477 U.S. at 252.

## III. Analysis

In this diversity action, the scope of premises liability is governed by Virginia law. In
Virginia, a store owner is not an insurer of his invitee's safety. Franconia Associates v. Clark,
463 S.E.2d 670, 672 (Va. 1995); Colonial Stores, Inc. v. Pulley, 125 S.E.2d 188, 190 (Va. 1962).
Rather, the owner must exercise ordinary care to make the premises reasonably safe for its
customers. Colonial Stores, 125 S.E.2d at 190. In other words, an owner owes its customers the
duty of active protection against dangers to the extent he has knowledge, or should have had

3

knowledge through the use of ordinary care, of the dangerous condition. Id.

In order to establish a prima facie case of negligence, Otey must show by a preponderance of the evidence that: 1) Dick's owed her a duty; 2) the mat that she tripped over constituted an unsafe condition; 3) the unsafe condition proximately caused the accident to happen; 4) Dick's had actual or constructive notice of the defect and failed to correct the problem within a reasonable period of time or to warn Otey of the danger; and 5) her damages. Griffin v. Wal-Mart Stores Inc., No. 3:94cv941, 1995 U.S. Dist. LEXIS 6507 (E.D. Va. April 10, 1995) (citing Colonial Stores, Inc., 125 S.E.2d at 190; Gauldin v. Virginia Winn-Dixie, 370 F.2d 167 (4th Cir. 1966)). Dick's duty and Otey's damages are not at issue here. Thus, the court will focus solely on the second, third, and fourth factors.

## A. Unsafe Condition

Otey must first show that the mat in question was an unsafe condition which would have been remedied or warned about by a reasonably prudent store owner. Hudson v. Wal-Mart Stores East, L.P., d/b/a/ Walmart Supercenter, No. 4:06cv35, 2007 WL 2107466 (W.D. Va. July 20, 2007). As discussed above, Otey and her husband provided contrasting testimony as to the location and number of mats over which Otey tripped. While neither noticed anything abnormal or unusual about the mat prior to Otey's accident, Otey testified that she tripped over a mat in the main store area, while her husband testified that she tripped over two mats, one stacked on top of the other, in the foyer area. Otey appears to have two theories as to why the mat created an unsafe condition—the first corresponding to her testimony, and the second corresponding to that of her husband.

Otey first argues that Dick's entrance mats are an unsafe condition because they are

4

hazardous when they are not lying on the floor. In support of this contention, she relies on the testimony of Dick's manager, Richard Keely, who testified that he typically adjusted the entrance mats one to five times per day if he saw a raised edge or a hump in the middle of the mat, because he viewed a mat in that condition as a "possible safety hazard." While this evidence establishes that Dick's entrance mats *could* create an unsafe condition, it promotes mere speculation as to whether the mat over which Otey stumbled was in a dangerous condition prior to her accident. Otey has set forth no more than an unsupported allegation that the mat at issue constituted an unsafe condition. Other than her husband, she cannot produce any witnesses who saw her trip or who could testify as to the condition of the mats prior to her trip and contradict Otey's testimony that prior to her trip, the mats looked fine.[1] Nor has she identified any witnesses, expert or otherwise, who can testify that the mat at issue presented an unsafe condition. "The mere happening of an accident, without more, is not proof of negligence in a premises liability case." Griffin, 1995 U.S. Dist. LEXIS 6507 at * 10.

Otey's alternative theory is based solely upon Mr. Otey's testimony that there were two rugs stacked on top of each other in the foyer area. Otey contends that Dick's violated its own policy in stacking mats in support of her allegation that the rug over which she tripped was unsafe. In his deposition, however, Dick's corporate representative, Kent McCurley, stated that he was not aware why the rugs were stacked and did not know why a Dick's employee would stack them. Even if the court were to assume that the mats were stacked as Mr. Otey testified, Plaintiff has provided no evidence, expert or otherwise, that the stacked mats created an unsafe

_____

[1] Otey testified that when she left the store, there was an older customer standing there who told her, "That rug's a killer." Otey, however was unable to identify the man and has had no contact with him since.

5

condition or otherwise violated industry standards. Furthermore, although as Otey argues that

Dick's violated company policy by stacking entrance mats, Dick's internal policies are

inadmissible as evidence of negligence. Griffin, 1995 U.S. Dist. LEXIS 6507, at * 8 (citing

Pullen v. Nickens, 310 S.E.2d 452, 456-57 (Va. 1983)). The question of whether a course of

conduct is negligent or whether reasonable care was exercised "must be determined by the

standard fixed by law, without regard to any private rules of the party." Hottle v. Beech Aircraft

Corp., 47 F.3d 106, 110 (4th Cir. 1995) (quoting Virginia Ry. & Power Co. v. Godsey, 83 S.E.

1072, 1073 (Va. 1915)). Accordingly, Otey has failed to set forth sufficient evidence to

establish the existence of an unsafe condition and thus, cannot overcome Dick's Motion for

Summary Judgment.

**B. Proximate Cause**

As noted above, a plaintiff in a premises liability case must show that the defendant's

negligence was the proximate cause of the plaintiff's accident. Virginia law establishes that the

plaintiff's proof "must establish more than a probability of negligence," and inferences therefrom

"must be based on facts, not on presumptions." Murphy v. J.L. Saunders, Inc., 121 S.E.2d 375,

378 (Va. 1961). The plaintiff must show why and how the accident happened. "If that is left to

conjecture, guess or random judgment, the plaintiff is not entitled to recover." Id.

In this case, Otey offers nothing but speculation as to the cause of her accident. Otey

admitted in her deposition that she did notice anything unusual about the rug before she tripped

over it. Furthermore, although she testified that her "left foot went under the rug," she admitted

that she did not know why her foot would have gone under the rug. Similarly, in his deposition,

Mr. Otey admitted that he did not see what caused his wife to stumble and testified that he did

6

not pay any attention to the store's rugs *until* his wife fell over them.

Otey is unable to assert facts showing how or why the accident occurred. While it is certainly possible that Dick's entrance mat was in a condition that caused Otey to trip over it, neither she nor her husband can establish whether Otey stumbled over one mat or two, let alone whether she actually tripped because of the mat(s), or that an unsafe condition–whether it be a flipped mat edge or two stacked mats–caused her trip. "Proof of 'possibility' that a fact exists is not enough to take the issue out of the sphere of pure conjecture and rank speculation into the realm of legitimate inference, sufficient for a jury to be permitted to consider the question." Griffin, 1995 U.S. Dist LEXIS 6507, at *11 (quoting Page v. Arnold, 314 S.E.2d 57, 60 (Va. 1984)). In this case, Otey has not come forth with sufficient evidence to bring the issue of proximate cause out of pure conjecture and speculation.

## C. Notice and Failure to Correct or Warn

In Virginia, a plaintiff in a premises liability case must also produce evidence of the defendant's actual or constructive notice of the defective condition on the premises in order to establish a prima facie case of negligence. Roll 'R' Way Rinks, Inc. v. Smith, 231 S.E.2d 157, 161 (1977). In this case, Otey cannot show that anyone at Dick's had actual notice that the mat over which she tripped presented an unsafe condition. Otey and her husband both testified that they saw nothing wrong with the mat as they entered the store, and Otey has produced no evidence showing that Dick's employees had actual knowledge that the mat created an unsafe condition.

Neither can Otey establish that Dick's had constructive noticed of an unsafe condition. "Constructive knowledge or notice of a defective condition of a premise . . . may be shown by

7

evidence that the defect was noticeable and had existed for a sufficient length of time to charge its possessor with notice of its defective condition." Hudson, 2007 WL 2107466, at * 3. (quoting Grim v. Rahe, Inc., 434 S.E.2d 888, 890 (Va. 1993)). Otey contends that Dick's had constructive knowledge that its entrance mats were a safety hazard because: 1) Dick's manager, Richard Keeley, testified that the mats could present a safety hazard when bubbled, rolled, or flipped over; 2) Dick's safety inspection sheet inquires as to whether the entrance mats were flush to the floor with no raised edges; and 3) two entrance mats were stacked on top of one another. For the following reasons, however, Otey's contentions have no merit.

Dick's manager, Richard Keeler, stated in his deposition that bubbles, rolls, or flips in Dick's entrance mats constituted a possible safety hazard. Nevertheless, there is no evidence that the mat was in such a condition prior to Otey's stumble. Neither Otey nor her husband noticed anything abnormal about the entrance mat prior to Otey's stumble and Otey has not produced any witnesses who can testify to the condition of the mats prior to her accident. Also, while Dick's Monthly Inspection Checklist inquires as to the condition of the entrance mats, this shows only that Dick's was aware that raised edges on entrance mats could create a safety hazard, not that they did. Furthermore, the evidence establishes that on the three inspections prior to Otey's fall, the entrance mats did not have raised edges.

Finally, Otey argues that when Dick's stacked two entrance mats, it was put on notice that it had created an unsafe condition. Even if the court were to assume that stacked mats create an unsafe condition, there is no evidence showing how long the mats were stacked prior to Otey's fall, or that Dick's was ever aware that they were stacked. Furthermore, there is no evidence before the court that a Dick's employee stacked the mats. When asked during his deposition why

8

the rugs were stacked on the date of Otey's accident, Dick's corporate representative testified that he was not aware the rugs were stacked that day and could find no information about whether and why they were stacked, nor did he know why anyone would stack entrance mats. Because Otey has failed to set forth evidence showing that Dick's had notice that its entrance mats created an unsafe condition, she is unable to overcome Dick's Motion for Summary Judgment.

## IV. Conclusion

In the absence of any evidence supporting the Plaintiff's prima facie case of negligence, summary judgment must be granted in favor of the Defendant. To rule otherwise in the absence of proof would be to allow the negligence of the Defendants to be left to speculation and conjecture, a forbidden result under Virginia law. See Murphy, 121 S.E.2d at 378.

The Clerk is directed to send copies of this Memorandum Opinion and accompanying Order to all counsel of record and to strike the case from the active docket of the court.

**ENTER:**     This ___18th___ day of April, 2008.

Hon. James C. Turk
Senior United States District Judge

9